IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ISIAH WILLIAMS**                                                                                            **PETITIONER**

**V.**                                          **NO. 4:22-CV-88-DMB-DAS**

**COMMISSIONER BURL CAIN**                                                     **RESPONDENT**

**ORDER**

The State moves to dismiss Isiah Williams' pro se petition for a writ of habeas corpus as an unauthorized successive petition (among other reasons) or, alternatively, to transfer this case to the Fifth Circuit Court of Appeals. Because the Court concludes that Williams' petition is successive and was filed without authorization, this case will be transferred to the Fifth Circuit in the interest of justice and judicial economy.

**I**
**Procedural History**

On or about June 9, 2022, Isiah Williams filed a pro se petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1. In the petition, Williams indicates he is challenging a conviction and October 17, 2007, sentencing in Coahoma County Circuit Court. *Id.* at 1. Williams asserts two grounds for relief: (1) "whether the trial court sentence [sic] petitioner to the maximum term of imprisonment was improper" and (2) "whether the petitioner was illegally sentenced as an habitual offender as prescribed with the due process." *Id.* at 5–6.

After being ordered to respond to the petition,[1] the State filed a motion to dismiss on August 25, 2022. Doc. #7. The State asserts that although Williams' petition indicates he is challenging

---

[1] Doc. #4.

a conviction in Coahoma County, he "is in the custody of the [Mississippi Department of Corrections ('MDOC')] under a 2007 judgment from the Panola County Circuit Court;" "MDOC records reflect, and the director of MDOC records confirmed …, that the only sentence that Williams is serving is a life sentence imposed in November 2007 by the Panola County Circuit Court;" "in 2010, Williams filed a federal habeas petition under 28 U.S.C. § 2254" challenging the Panola County conviction and sentence, which petition was dismissed with prejudice as untimely; and because Williams is only in custody on the Panola County conviction, his current petition is "an unauthorized successive petition." Doc. #7 at 2 & n.3, 5, 7. For these reasons, the State "requests that this Court dismiss this federal habeas petition with prejudice for lack of jurisdiction or, alternatively, transfer this case to the Fifth Circuit as a successive petition." *Id.* at 8. Williams did not respond to the motion to dismiss.[2]

## II
## Discussion

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section "2244(b)(3)(A) acts as a jurisdictional bar to the district court asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). While "a district court may dispose of applications lacking authorization through dismissal" for lack of jurisdiction, it may, pursuant to

---

[2] On or about September 8, 2022, Williams filed a motion requesting the Court grant his petition, arguing that "[t]his Court gave the respondent … no later than August 27, 2022, to file an answer to this petition" and the State "fail[ed] to respond to this order." Doc. #9 at 2. The State's response to the motion states that "respondent timely filed his motion to dismiss on August 25, 2022, with attached exhibits" and "mailed a copy of the motion and exhibits to Williams, as confirmed in the certificate of service." Doc. #10 at 2.

28 U.S.C. § 1631, transfer such a petition to the Fifth Circuit, the court with jurisdiction over the action, "upon a finding that the petition is successive." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

Williams has already filed an unsuccessful § 2254 petition challenging his Panola County conviction.[3] *See Williams v. Epps*, No. 2:10-cv-171, 2011 WL 1518648 (N.D. Miss. Apr. 20, 2011). Although his petition in this case purportedly challenges a conviction in Coahoma County, Williams' MDOC time sheet indicates he is incarcerated only on the Panola County conviction. Doc. #7-1. Additionally, the appellate case number Williams listed on his petition, 2021-M-1267, correlates to proceedings arising from the Panola County conviction. *See* Doc. #7-17. The present petition is thus successive and Williams has not obtained an order of authorization to pursue it. In the interest of justice and judicial economy, the Court will transfer the petition to the Fifth Circuit. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

## III
## Conclusion

The State's motion to dismiss [7] is **GRANTED in Part and DENIED without prejudice in Part**. It is GRANTED to the extent it seeks a transfer of this case to the Fifth Circuit; it is DENIED without prejudice in all other respects. Williams' petition and the entire record in this case shall be **TRANSFERRED** to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) & (b)(3)(c), and 28 U.S.C. § 1631. This case is **CLOSED**.

**SO ORDERED**, this 15th day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Although Williams spelled his first name "Isaiah" in the first petition and "Isiah" in the present petition, his MDOC number is the same on both petitions, confirming his identity. *Compare* Doc. #1 at 1 (Prisoner No. 34925) *with Williams v. Epps*, No. 2:10-cv-171, Doc. #1 at 1 (N.D. Miss. Oct. 4, 2010) (same).

3